**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Manchester United Football Club Limited,<br><br>Plaintiff(s),<br><br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26-cv-13169<br><br>Honorable Joan B. Gottschall |

**STANDING ORDER IN "SCHEDULE A" CASES**

The court calls the attention of the parties and counsel to the following rulings concerning issues that commonly arise in "Schedule A" cases. A motion or proposed order that does not comport with the following will be rejected unless, if applicable, the accompanying memorandum of law includes a nonfrivolous argument for extending, modifying, or reversing pertinent authority.

**1. Personal jurisdiction.** Regarding personal jurisdiction over non-U.S. defendants, *see Liu v. Monthl*y, 170 F.4th 1090 (7th Cir. 2026). Every motion for leave to conduct expedited discovery, motion for temporary restraining order, and motion for preliminary injunction must show that the court likely has personal jurisdiction.

**2. Joinder of defendants.** Regarding the Federal Rule of Civil Procedure 20(a)(2) standard for joinder of defendants, *see Bailie v. Schedule A Defendants,* 734 F. Supp. 3d 798 (N.D. Ill. 2024). Counsel should be prepared to show cause why joinder accords with *Bailie* and Rule 20(a)(2).

**3. Fact-specific infringement analysis.** The images submitted in Schedule A cases are frequently difficult to see clearly and rarely speak for themselves. Without more, citing images of the plaintiff's intellectual property and accused products to demonstrate a likelihood of success on the merits is unhelpful and risks delay or denial of a motion. *See, e.g.*,

*Unicolors, Inc. v. Shewin Flagship Shops*, 2024 WL 3549568, at *1–2 (N.D. Ill. June 4, 2024). Counsel are strongly encouraged to conduct a case- and fact-specific infringement analysis in their briefing. At minimum, counsel should identify the claim or claims being asserted, cite the specific law that applies to each element, and provide a meaningful argument (not just a citation to images) explaining why plaintiff believes one or more intellectual property rights is being infringed.

**4. Translations of exhibits.** Exhibits written in a foreign language must be filed with an admissible English-language translation. Using Google Translate or a similar service does not suffice. *See ABC Corp. v. Sched. A Defs.*, 2022 WL 18937941, at *1 (N.D. Ill. Dec. 19, 2022).

**5. Leave to conduct expedited discovery.** A motion for leave to conduct expedited discovery must demonstrate good cause; this means that, among other factors, the court looks to whether the plaintiff has shown a probability of success on the merits. *See, e.g.*, *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011). In such motions, counsel should attempt to provide the court with a basis for assessing this factor.

**6. Notice to third parties before issuance of a temporary restraining order or preliminary injunction.** Pursuant to Seventh Circuit authority and Rule 65(d)(2), two criteria must be met before third parties not named in the complaint (typically, for example, Amazon and eBay) may be named as in active concert or participation with the defendants: (1) the third party's active concert or participation must be proven; and (2) the third party must receive advance notice and an opportunity to be heard before any such finding is made. Any proposed order not complying with the following cases will be rejected: *Lake Shore Asset Management Ltd. v. C.F.T.C.*, 511 F.3d 762 (7th Cir. 2007); *United States v. Kirschenbaum*, 156 F.3d 784 (7th Cir. 1998); *Pow! Entertainment, LLC v. Schedule A Defendants.*, 2020 WL 5076715 (N.D. Ill. Aug. 26, 2020).

**7. Service by email.** The Seventh Circuit held in *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., Ltd.*, 177 F.4th 793, 799 (7th Cir. 2026), that the Hague

Service Convention "does not permit service by email in China." A Schedule A plaintiff must demonstrate that it exercised reasonable diligence in attempting to identify a defendant's mailing address before service of process by an alternative means, such as email, may be authorized under Fed. R. Civ. P. 4(f)(3). *Id.*; *Luxottica Group S.p.A. v. Sched. A Defs.*, 391 F. Supp. 3d 816, 820–21 (N.D. Ill. 2019). Requests made under Rule 4(f)(3), without showing reasonable diligence, will be rejected.

**8. Scheduling a tentative preliminary injunction hearing.** The court sets preliminary injunction hearings at 10:30 or 11:00 a.m. All such hearings will be held by teleconference unless a litigant shows good cause for holding an in-person hearing. Every temporary restraining order must advise the defendants of the date and time of the scheduled hearing, as well as the procedures for requesting a hearing and filing a written response to the motion for preliminary injunction. Accordingly, the final paragraphs of every proposed temporary restraining order must be in substantially the following form:

> This Temporary Restraining Order without notice is entered at 11:00 a.m. on **[DATE]**, and shall remain in effect for fourteen (14) days. A preliminary injunction hearing is tentatively set for **[14 days after entry of the TRO]**, at 11:00 a.m. Central Time. Any motion for preliminary injunction must be filed on or before **[3 business days before the date of the tentative preliminary injunction hearing. If the preliminary injunction hearing is set on a Wednesday, this deadline must be the prior Friday.]** Along with any such motion, plaintiff must file a certificate of service of the temporary restraining order, as well as any order extending it, upon defendants in accordance with Federal Rule of Civil Procedure 5.
>
> Any preliminary injunction hearing will be held by teleconference. Any written response to, or request for a hearing on, the anticipated motion for preliminary injunction must be received by 11:00 a.m. on **[12 days after entry of the TRO.]** If no written response or request for a hearing is received by the deadline, the tentative preliminary injunction hearing will be stricken (that is, cancelled), and the court will rule on the papers. A

hearing may be requested by sending an email message copying all counsel of record to Chambers_Gottschall@ilnd.uscourts.gov.\

**9. Order extending a temporary restraining order.** Every order extending a temporary restraining order must include the relevant language in the preceding paragraph (¶ 8). The certificate of service accompanying any motion for preliminary injunction must demonstrate service of the order extending the temporary restraining order.

**10. Drafting and proofreading proposed orders.** Any proposed order with drafting or proofreading errors may be rejected summarily. *See Pow! Entm't, LLC v. Sched. A Defs.*, 2020 WL 5076715, at *3 (N.D. Ill. Aug. 26, 2020), *reconsideration denied and subsequent proposed default judgment rejected*, 2020 WL 8455479 (Dec. 7, 2020).

Date: October 28, 2026

/s/ Joan B. Gottschall
United States District Judge